IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL MYERS and TREVER §
BALFOUR, Individually and On
Behalf of All Similarly Situated Persons,
    Plaintiffs,

V. § CIVIL ACTION NO. 4:16-CV-1025

SUPERIOR ENERGY SERVICES, INC.,
d/b/a SUPERIOR ENERGY SERVICES OF
DELAWARE, INC and WILD WELL
CONTROL, INC., f/k/a BTI SERVICES,
INC.
    Defendants. § JURY DEMANDED

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Michael Myers, Trever Balfour, and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

### Parties

1. Plaintiffs Michael Myers ("Myers") and Trever Balfour ("Balfour"), former employees of Defendants, were personally engaged in interstate commerce during their employment with the Defendants, and are represented by the undersigned.

2. Defendant Superior Energy Services, Inc. d/b/a Superior Energy Services of Delaware, Inc. ("Superior") is a Delaware corporation doing business in Texas and an "employer" as defined by the FLSA. With respect to Plaintiffs and Members of the Class, Superior is subject to the provisions of the FLSA. Superior was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29

U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Superior may be served through its registered agent, C T Corporation System, 1999 Bryan Street Suite 900, Dallas, TX 75201.

3. Defendant Wild Well Control, Inc. f/k/a BTI Services, Inc. ("Wild Well") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiffs and Members of the Class, Wild Well is subject to the provisions of the FLSA. Wild Well was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Wild Well may be served through its registered agent, C T Corporation System, 1999 Bryan Street Suite 900, Dallas, TX 75201.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were enterprises engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

5.  Plaintiff Myers worked for Defendants as a reverse unit operator and fishing tool supervisor from October of 2014 until September of 2015. Plaintiff's duties included but were not limited to setting up equipment at jobsites, running fluid pumps, drilling out frac plugs on rigs, rigging up equipment for wire line use, watching, testing and maintaining pressure of equipment, assisting in any retrieval of lost tools or wire line that fell into the well (lowered down into a manhole to search for and retrieve lost tools). During the time the Plaintiff worked for Defendants, he regularly worked in excess of 40 hours in a workweek. In fact, Plaintiff regularly worked 70 hours per week and sometimes more. During his entire tenure with Defendants, Plaintiff was paid a monthly salary and daily or job bonuses. Plaintiff was paid on the same basis for all hours worked and was not paid an overtime premium for hours worked over 40 hours per workweek.

6.  Plaintiff Balfour worked for Defendants as a fishing tool supervisor from June of 2011 until September of 2015. Plaintiff's duties included but were not limited to setting up equipment at jobsites, running fluid pumps, drilling out frac plugs on rigs, rigging up equipment for wire line use, watching, testing and maintaining pressure of equipment, assisting in any retrieval of lost tools or wire line that fell into the well (lowered down into a manhole to search for and retrieve lost tools). During the time the Plaintiff worked for Defendants, he regularly worked in excess of 40 hours in a workweek. In fact, Plaintiff regularly worked 70 hours per week and sometimes more. During his entire tenure with Defendants, Plaintiff was paid a monthly salary and daily or job bonuses. Plaintiff was paid on the same basis for all hours worked and was not paid an overtime premium for hours worked over 40 hours per workweek.

7.  At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

8.  Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

9. Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

10. Defendant Wild Well Control, Inc. is a wholly owned subsidiary of Defendant Superior, and is controlled entirely by Superior Energy Services, Inc. d/b/a Superior Energy Services of Delaware, Inc. The actions of Wild Well with regard to the name in which Plaintiffs were paid were directed or ratified by Superior. Superior is thus a joint employer of the Plaintiffs, and is responsible for the unpaid compensation owed to Plaintiffs.

### Plaintiffs' Individual Allegations

11. As non-exempt employees, Plaintiffs were entitled to be paid their regular salary and bonuses and were also entitled to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Plaintiffs the required overtime premium in every workweek that the Plaintiffs worked over 40 during their employment. Plaintiffs were paid a salary and daily bonuses when they were in the field, but were not paid premium pay for hours worked over 40.

12. No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

### Collective Action Allegations

13. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other

employees, Plaintiffs are aware that Defendants made a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek.

14. The Members of the Class performed work that is similar in nature to that performed by Plaintiffs; these individuals worked alongside the Plaintiffs performing the same type of manual, physical work that the Plaintiffs performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

15. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

16. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experiences are typical of the experiences of the Members of the Class.

17. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

18. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All persons employed by the Defendants Superior Energy Services, Inc. d/b/a Superior Energy Services of Delaware, Inc. and Wild Well Control, Inc. f/k/a BTI

Services, Inc. as reverse unit operators and/or fishing tool supervisors who were paid a salary and job or day bonuses during the three-year period preceding the filing of this complaint.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

19. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs and Members of the Class for work performed in the employ of the Defendants.

20. Plaintiffs and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

21. Defendants are liable to Plaintiffs and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

22. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Superior Energy Services, Inc. d/b/a Superior Energy Services of Delaware, Inc. and Wild Well Control, Inc. f/k/a BTI Services, Inc., as reverse unit operators and/or fishing tool supervisors who were paid a salary plus job or day bonuses during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiffs' and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

        Respectfully Submitted,

        */s/ Josef F. Buenker*
        Josef F. Buenker
        TBA No. 03316860
        Vijay A. Pattisapu
        TBA No. 24083633
        2030 North Loop West, Suite 120
        Houston, Texas 77018
        713-868-3388 Telephone
        713-683-9940 Facsimile
        jbuenker@buenkerlaw.com
        vijay@buenkerlaw.com
        **ATTORNEY-IN-CHARGE FOR PLAINTIFFS MICHAEL MYERS AND TREVER BALFOUR**