United States District Court
Southern District of Texas
**ENTERED**
January 10, 2017
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL  MYERS,** *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:16-CV-1025** |
| | § | |
| **SUPERIOR ENERGY SERVICES, INC.;** | § | |
| **dba SUPERIOR ENERGY SERVICES OF** | § | |
| **DELAWARE, INC.,** *et al*, | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion for Conditional Class Certification and Notice. (Doc. No. 14.) After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be denied without prejudice to resubmission.

**I.    BACKGROUND**

Plaintiffs Michael Myers and Trever Balfour worked for Defendants Superior Energy Services, Inc., d/b/a Superior Energy Services of Delaware, Inc. (hereinafter "Superior Energy Services"), and Wild Well Control, Inc. between 2011 and 2015. Plaintiff Myers worked as a reverse operator and fishing tool supervisor, and Plaintiff Balfour worked as a fishing tool supervisor. Plaintiffs allege that they are employees who were misclassified as independent contractors. As such, they have filed this collective action under the Fair Labor Standards Act (FLSA) alleging that they are owed overtime compensation.

Plaintiffs have moved for conditional certification of a class consisting of "[a]ll individuals who were employed by Superior Energy Services, Inc., d/b/a Superior Energy Services of Delaware, Inc. and/or Wild Well Control, Inc., f/k/a BTI Services, Inc. since April 15, 2013 as reverse unit operators/supervisors, fishing tool operators/supervisors, or in positions

with similar job duties, who were paid a base salary and a day-rate/job bonus with no overtime compensation." (Doc. No. 14 at 2.) Defendants oppose conditional certification on any terms. (Doc. No. 15.) Alternatively, Defendants request that certain limitations be imposed on the proposed class. *Id*. Defendants further request that, if the class is conditionally certified, the content and procedure of the proposed notice be revised. *Id*.

## II.    LEGAL STANDARD

On motions for collective action certification in FLSA cases, the Fifth Circuit has affirmed district courts' use of the lenient standard adopted by the United States District Court for the District of New Jersey in *Lusardi v. Xerox Corp*., 118 F.R.D. 351 (D.N.J. 1987). *See, e.g.*, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–16 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The *Lusardi* approach includes two steps: (1) the plaintiff's motion for conditional certification, and (2) the defendant's motion for decertification.

At the first stage, the Court must decide whether notice of the action should be given to potential class members. *Id*. at 1213–14. The court's decision at this stage is usually based on the pleadings and affidavits that have been submitted, and is made using a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class." *Id*. at 1214.  A plaintiff may proceed collectively only if the challenged conduct is a generally applicable rule, policy, or practice. *McKnight v. D.Houston, Inc*., 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). Therefore, conditional certification should be denied when the action arises from circumstances purely personal to the plaintiff. *Id*.

In order to obtain conditional certification, the plaintiff must make a "minimal showing"

that: (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit. *Aguirre v. SBC Comms., Inc.*, No. H–05–3198, 2006 WL 964554, at *6 (S.D. Tex. April 11, 2006). Conclusory allegations that other employees are similarly situated are insufficient to justify conditional certification. *Vargas v. HEB Grocery Co., L.P.*, No. SA-12-CV-116-XR, 2012 WL 4098996, at *4 (W.D. Tex. Sept. 17,2012).

In order to satisfy the third requirement, a plaintiff must show not only that similarly situated persons exist, but also that they seek to join the lawsuit. *Davis v. Mostyn Law Firm, P.C.*, No. 4:11-cv-2874, 2012 WL 163941, at *10 (S.D. Tex. Jan. 19, 2012). Reliance on the plaintiff's "own allegations that the putative class members exist and together were the victims of a single decision, policy, or plan is insufficient to meet [the] burden" of showing "that the additional aggrieved persons exist and want to join the lawsuit." *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007). *See also Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (concluding that class notice would not issue, in part because plaintiff failed to show that similarly situated persons would actually seek to join the lawsuit); *Detho v. Bilal*, No. H-07-2160, 2008 WL 1730542, at *5-6 (S.D. Tex. Apr. 10, 2008) (holding that plaintiff's affidavit stating a belief that there are other employees who may be interested was insufficient for conditional certification).

If the proposed class definition includes alleged employees who are not similarly situated, the Court has the power to modify an FLSA collective action definition on its own. *Dreyer v. Baker Hughes Oilfield Operations, Inc.,* CIV. A. H–08–1212, 2008 WL 5204149, at *3

(S.D. Tex. Dec.11, 2008) (citing *Baldridge v. SBC Commc'ns, Inc.,* 404 F.3d 930, 931–32 (5th Cir. 2005)).

The second stage of the *Lusardi* approach is usually prompted by a defendant's motion for decertification after some or all discovery has been completed. At that time, a court considers additional evidence submitted by the parties in determining whether to decertify the class on the ground that its members are not similarly situated. *Id.*

## III.   ANALYSIS

Plaintiffs have not made a minimal showing that similarly situated individuals wish to join the lawsuit. Plaintiffs' only evidence is their own affidavits, in which they state that they "believe" that their coworkers would be "interested to learn" about the lawsuit. This evidence is insufficient because a plaintiff may not rely on his own allegations to show that similarly situated individuals seek to join the lawsuit. Moreover, Plaintiffs allege only that similarly situated individuals would be "interested," not that they seek to join. Because Plaintiffs were both named in the original Complaint, and they have not produced evidence that additional aggrieved individuals have indicated a desire to join the case in the intervening time, they are not entitled to conditional class certification.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Conditional Class Certification and Notice (Doc. No. 14) is **DENIED** without prejudice to resubmission if Plaintiffs are able to submit information showing that other similarly situated employees want to join the litigation.

4

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 10th day of January, 2017.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE