IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL MYERS and TREVER BALFOUR, individually and on behalf of all similarly situated persons <br> *Plaintiffs*, <br><br> V. <br><br> SUPERIOR ENERGY SERVICES, INC., d/b/a SUPERIOR ENERGY SERVICES OF DELAWARE, INC. and WILD WELL CONTROL, INC. f/k/a BTI SERVICES, INC. <br> *Defendants*. | § § § § § § § § § § § § § § | C.A. No. 4:16-cv-01025 <br><br><br> Jury Trial Demanded |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiffs Michael Myers and Trever Balfour (together "Plaintiffs"), and Defendants Superior Energy Services, Inc. and Wild Well Control, Inc., successor in interest to BTI Services, Inc., (together "Defendants") (Plaintiffs and Defendants are collectively, the "Parties") seek court approval of the settlement recently reached in this matter.

The Parties represent that the settlement is fair and equitable. Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate to the dismissal of this case with prejudice, with each the Parties to bear their own respective attorneys' fees and court costs.

### I.   Introduction and Procedural Posture

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq*. ("FLSA") alleging that Defendants failed to pay Plaintiffs overtime wages as required by law. *See* Dkt. Entry 1. This case is not a collective action. *See* Dkt. Entry 24. The Parties have

negotiated and resolved Plaintiffs' individual claims. Now, because the Parties have reached an agreement that disposes of all Plaintiffs' claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, the Parties request that the Court approve the agreement and dismiss Plaintiffs' claims and this case with prejudice.

## II. Argument & Authorities

Because Plaintiffs' claims arise under the FLSA, the Court must scrutinize the settlement for fairness before approving it. *Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008). This is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins*, 568 F. Supp. 2d at 718. "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provision." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-cv-682, 2010 U.S. Dist. LEXIS 40768, at *1-*2 (E.D. La. Apr. 26, 2010).

The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012). In reaching its decision, the court approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D.Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id*. at 255 (quoting *Martinez*, 361 F.Supp.2d at 631); see also *Martinez*, 361 F.Supp.2d at 634 ("a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."). A release in compliance with such a compromise is enforceable. *See Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631. The *Martin* court

also held that the private settlement agreement between the parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed," and "knew about their rights under the FLSA." See *Martin*, 688 F.3d at n.10.

In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendants' liability, if any, the amount of hours worked by Plaintiffs during their employment with Defendants, and the compensation due, if any, based on certain enumerated exemptions to the FLSA asserted by Defendants to be applicable to the Plaintiffs. As a result of the litigation efforts expended in this case by the Parties, and in order to avoid a potentially costly and lengthy trial setting, Plaintiffs and Defendants have reached a private settlement of all claims, defenses and disputes between them in this cause. Copies of the Settlement Agreements entered into by the Parties are filed under seal as attachments to this Motion. During negotiation, and at the time of execution, Plaintiffs had the benefit of the undersigned legal counsel, and were aware of their rights under the Fair Labor Standards Act, 29 U.S.C. §206 *et seq.* By entering into this settlement, Defendants are not admitting any liability or violation of the FLSA, which are specifically denied.

Through negotiation, the Parties reached a settlement of their dispute. The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendants, and Defendants' counsel. In arriving at the proposed settlement, the Parties considered: (i) liability disputes; (ii) whether Plaintiffs are entitled to liquidated damages; (iii) whether Defendants acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any, (v) the disputed amount of overtime hours allegedly worked, (vi) the disputed amount of overtime wages allegedly owed, (vii) the applicability of certain exemptions, (viii) the likelihood of Plaintiffs' success on their claims, and (ix) other factual and legal issues. The settlement was

negotiated at arms' length.  The settlement amount includes both estimated unpaid overtime wages for Plaintiffs, an equal amount for liquidated damages, and Plaintiffs' attorneys' fees.  The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties.  *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

Wherefore, Plaintiffs and Defendants respectfully request that the Court approve the settlement and enter an agreed order of dismissal of this lawsuit and the claims of all Plaintiffs with prejudice, with each party to bear their own court costs and attorneys' fees in conformance with the foregoing stipulation.

Respectfully submitted,

By: */s/ Josef F. Buenker*
    JOSEF F. BUENKER
    State Bar No. 03316860
    Southern District ID 11498
    BUENKER LAW FIRM
    2060 North Loop West, Suite 215
    Houston, Texas 77018
    (713) 868-3388 (Telephone)
    jbuenker@buenkerlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**

VIJAY A. PATTISAPU
State Bar No. 24083633
Southern District ID 1829615
BUENKER LAW FIRM
2060 North Loop West, Suite 215
Houston, Texas 77018
(713) 868-3388 (Telephone)
vijay@buenkerlaw.com

By: */s/ J. Michael Rose*
    J. MICHAEL ROSE
    State Bar No. 24041819
    Southern District ID No. 36797
    LOCKE LORD LLP
    600 Travis Street, Suite 2800
    Houston, Texas 77002-3095
    (713) 226-1684 (Telephone)
    (713) 229-2626 (Facsimile)
    mrose@lockelord.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

**OF COUNSEL:**

KATHERINE G. CISNEROS
Southern District of Texas No. 2717699
Texas State Bar No. 24094591
LOCKE LORD LLP
600 Travis, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)
katherine.cisneros@lockelord.com

# **CERTIFICATE OF SERVICE**

      I hereby certify that on this June 5, 2017, a true and correct copy of the above and foregoing instrument was served upon counsel of record referenced below via the Court's ECF system.

J. Michael Rose
(713) 226-1684 (Telephone)
(713) 229-2626 (Facsimile)
mrose@lockelord.com
Katherine G. Cisneros
(713) 226-1616 (Telephone)
(713) 229-2662 (Facsimile)
katherine.cisneros@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095

                                                */s/Josef F. Buenker*
                                                Josef F. Buenker

**Error! Unknown document property name.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL MYERS and TREVER BALFOUR, individually and on behalf of all similarly situated persons<br>    *Plaintiffs*,<br><br>V.<br><br>SUPERIOR ENERGY SERVICES, INC., d/b/a SUPERIOR ENERGY SERVICES OF DELAWARE, INC. and WILD WELL CONTROL, INC. f/k/a BTI SERVICES, INC.<br>    *Defendants*. | § § § § § § § § § § § § § § § | C.A. No. 4:16-cv-01025<br><br><br>Jury Trial Demanded |

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

The Court has considered the Joint Motion of Plaintiffs Michael Myers and Trever Balfour (together "Plaintiffs"), and Defendants Superior Energy Services, Inc. and Wild Well Control, Inc., successor in interest to BTI Services, Inc., (together "Defendants") for Approval of Settlement and Stipulation of Dismissal with Prejudice ("Joint Motion"). The Court finds the Joint Motion is well taken and should be and hereby is granted in all respects.

The Court approves the settlement which disposes of all Plaintiffs' claims for unpaid overtime wages, liquidated damages, attorneys' fees, and costs. The Court hereby grants the Joint Motion and orders that this case is dismissed with prejudice, all claims of Plaintiffs are dismissed with prejudice, and each party will bear their own costs and

**Error! Unknown document property name.**

attorneys' fees in conformance with the settlement and the foregoing Stipulation of Dismissal with Prejudice of Plaintiffs and Defendants.

Signed on this _____ day of _____, 2017

_____
Honorable Keith P. Ellison
United States District Judge